UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DC2NY, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-2127 (RC) |
| | : | | |
| v. | : | Re Document No.: | 20 |
| | : | | |
| ACADEMY EXPRESS, LLC, | : | | |
| | : | | |
| Defendant. | : | | |

<u>**MEMORANDUM OPINION**</u>

**GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

DC2NY, Inc., which operates under the trade name BestBus, brought this lawsuit against Academy Express, LLC ("Academy Bus" or "Academy"), asserting contract claims, tortious interference claims, and a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68. The Court dismissed BestBus's initial Complaint, *DC2NY, Inc. v. Academy Bus, LLC*, No. 18-cv-2127 ("Mot. Dismiss Op."), 2019 WL 3779571 (D.D.C. Aug. 12, 2019), ECF No. 10, and, later, granted in part and denied in part BestBus's motion to file an Amended Complaint, *DC2NY, Inc. v. Academy Bus, LLC*, ("Mot. Amend. Op."), 2020 WL 1536219 (D.D.C. March 31, 2020), ECF No. 18. Now, before having actually filed the amended complaint that the Court ruled it could file, BestBus moves to amend its complaint for a second time to add facts establishing diversity jurisdiction and details supporting a claim that Academy violated the parties' Transportation Service Agreement ("TSA") by supplying BestBus with buses that allegedly had numerous quality deficiencies and that were of a lower quality than

buses Academy supplied to a competitor, Vamoose Bus ("Vamoose").[1]  BestBus's motion to amend is granted in part and denied in part.

## I.  BACKGROUND

The Court provided somewhat more detailed factual summaries of this case in its two earlier memorandum opinions.  *See* Mot. Dismiss Op. at *1–4; *see also* Mot. Amend. Op. at *1–5.  The Court reiterates many of those facts here and emphasizes additional facts raised for the first time in the Second Amended Complaint.

BestBus is a D.C. corporation that provides express bus service in the mid-Atlantic area, including between the District of Columbia and New York City.  Second Am. Compl. ¶ 1, ECF No. 22-1.  In 2013, BestBus entered into the TSA with Academy, a New Jersey LLC.  *Id.* ¶ 2.  The TSA stated that Academy would be "BestBus's exclusive provider of buses and drivers . . . for specified routes in the Mid-Atlantic corridor . . . ."  *Id.*  It required Academy to provide bus transportation services and drivers to BestBus, *id.* ¶¶ 25–28, pay a service rebate to BestBus, *id.* ¶¶ 53–55, and refrain from competing with BestBus on existing and future bus routes, *id.* ¶ 2.

In 2014, Academy purchased Go Bus, a bus company based in New York that "provided buses to Vamoose, a direct competitor of BestBus in the D.C.-New York market."  *Id.* ¶ 4.  Academy began providing buses to Vamoose on the same D.C.-New York route operated by BestBus.  *Id.* ¶ 5.  Although BestBus complained that Academy's business with Vamoose violated the TSA, Academy executives stated that their business with Vamoose was temporary and that they were required to supply buses to Vamoose under a contract with Go Bus.  *Id.* ¶ 33.

---

[1] BestBus originally also sought to allege additional facts supporting a claim that Academy violated the TSA by failing to provide BestBus with experienced and professional drivers, Pl.'s Second Mot. Amend. ¶ 3, ECF No. 20, but BestBus has since withdrawn its attempt to add those facts, Pl.'s Reply ¶ 1, ECF No. 22.  The operative proposed Second Amended Complaint is ECF No. 22-1.

BestBus alleges that while Academy provided Vamoose with "newer models and better buses than the ones Academy supplied to BestBus for the same routes . . . Academy deliberately supplied BestBus with older buses, not the top-of-the-line buses for which BestBus had contracted."[2] *Id.* ¶¶ 32–34.  BestBus received complaints from passengers about breakdowns causing service delays, lost luggage, inoperative WiFi, faulty electrical outlets, and unusable restrooms.  *Id.* ¶ 34.  As a result, BestBus suffered reputational harm and lost profits.  *Id.*  BestBus complained to Academy about the quality of buses that Academy supplied to BestBus and requested that BestBus be provided with newer buses.  *Id.* ¶ 35.  While Academy assured BestBus that the quality issues would be resolved, *id.* ¶¶ 35, 37, BestBus asserts that "Academy took no steps to change its behavior and intentionally continued to supply BestBus with older buses . . . ," *id.* ¶ 35.  After continuing disagreements between BestBus and Academy—including disagreements about bus quality, *id.* ¶ 37, improper signage displaying signs for Vamoose on BestBus buses, *id.* ¶ 38, Academy's professed support for BestBus's plan to establish a New York-Boston route while Academy was also attempting to acquire a New York-Boston route from Go Bus, *id.* ¶¶ 40–45, and Academy's failure to pay service rebates under the TSA, *id.* ¶¶ 53–55—BestBus terminated the TSA in 2016, *id.* ¶ 47.  This lawsuit followed.

BestBus asserted six claims in its original Complaint: (1) one civil RICO violation; (2) breach of contract claims regarding Academy's acquisition of a New York-Boston Line operated by Go Bus, Academy's provision of buses to Vamoose, Academy's refusal to pay service rebates

---

[2] BestBus's First Amended Complaint stated that "Academy promised to provide top-of-the-line buses to BestBus . . . ." *See* Am. Compl. ¶ 2, ECF No. 11.  BestBus further emphasizes this point in the Second Amended Complaint, *see* Second Am. Compl. ¶ 59 (asserting that Academy's failure to provide BestBus with "top-of-the-line" buses is a violation of the TSA); *see also* Pl.'s Reply ¶ 2 (asserting that the TSA required Academy to supply "top-of-the-line" buses to BestBus).

in 2016 and 2017, and Academy's provision of allegedly low quality buses and unprofessional drivers to BestBus; (3) a claim for breach of the duty of good faith and fair dealing; (4) a claim for tortious interference with business relations, (5) a claim for tortious interference with prospective business relations, and (6) a claim for conversion.  Mot. Dismiss Op. at *3.  The Court dismissed BestBus's contract claims for failing to properly name "Academy Express, LLC" as the defendant, *id.* at *5–6, tortious interference claims for failure to state a claim, *id.* at *8–9, and RICO and conversion claims, *id.* at *5, 9.

On August 27, 2019, BestBus sought leave to amend its complaint.  Pl.'s Mot. Amend., ECF No. 11.  In the First Amended Complaint, BestBus dropped the RICO and conversion claims, named Academy Express, LLC as the proper defendant, and alleged additional facts to support its tortious interference claims.  Mot. Amend. Op. at *5 (citing Am. Compl.).  On March 31, 2020, the Court denied as futile BestBus's proposed amendment of the tortious interference claims and the contract claim regarding driver professionalism, *id.* at *10, 16, and granted BestBus's proposed amendment of its remaining contract claims, including the claim regarding bus quality, *id.* at *1.  However, the Court explained that while BestBus "has a viable claim that Academy was contractually obligated not to provide Vamoose with *any* buses on competing routes, . . . BestBus ha[d] not pointed to any provision of the TSA that obligated Academy to provide BestBus with buses of any particular *relative* level of quality."  *Id.* at *13.  Thus, BestBus only had a claim regarding the absolute quality of the buses it received from Academy.  *Id.* at *13–14.  Finally, the Court also found that BestBus had failed to establish diversity jurisdiction and instructed BestBus to add only necessary jurisdictional facts to its Complaint.  *Id.* at *7 ("Leave to add facts to the complaint is granted *only* for the limited purpose of clarifying this Court's jurisdiction . . . .").

BestBus now seeks leave to amend for a second time. Pl.'s Second Mot. Amend. Here, BestBus seeks to add facts establishing diversity jurisdiction, *see* Second Am. Compl. ¶¶ 8–11, as well as facts supporting a claim that Academy violated the TSA by failing to supply BestBus with "top-of-the-line" buses and instead supplying BestBus with buses that had numerous quality issues, *id.* ¶ 34, and buses that were older and of a lower quality than those Academy supplied to Vamoose, *id.* ¶ 59. BestBus's Second Amended Complaint adds details about the approximate dates on which various bus quality issues arose. *See id.* ¶ 34. For example:

> On or about July 9, 2015, August 3, 2015, August 17, 2015, January 16. 2016, and April 28, 2016, passengers and BestBus staff complained about gas odors, bathroom odors, and inoperative bathrooms on BestBus buses[.]

*Id.* While Academy does not oppose amendment of the complaint to add jurisdictional facts (which the Court has already approved), *see* Def.'s Op. at 2, ECF No. 21, Academy does oppose amendment to the extent that BestBus continues to assert that Academy "was contractually required to provide newer and/or 'top-of-the-line' buses" to BestBus, *id.* at 3–4. The motion is now ripe for decision.

## II.  LEGAL STANDARD

A plaintiff may amend a complaint "once as a matter of course" within 21 days of serving it or within 21 days of the filing of a responsive pleading. Fed. R. Civ. P. 15(a)(1). A plaintiff may only make other amendments with the written consent of the opposing party—which Academy has denied to the extent that BestBus seeks to add facts beyond those necessary to establish jurisdiction—or with the court's leave. Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* Courts have discretion to grant or deny a plaintiff's motion to amend, *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and they may deny leave to amend under certain circumstances such as "undue delay, bad faith or dilatory

5

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (citing *Foman*, 371 U.S. at 181–82). To determine whether a proposed amendment would be futile, courts apply a standard similar to that applied in analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* Accordingly, a proposed amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss. *Id.* A court must accept factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555. However, a court need not accept a plaintiff's legal conclusions as true, *see Iqbal*, 556 U.S. at 678, nor must a court accept as true legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555. These standards for evaluating the sufficiency of pleadings still apply in diversity cases where the governing substantive law is that of a state or the District of Columbia. *See Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–34 (D.C. Cir. 2015).

### III.  ANALYSIS

BestBus has yet to file the amended complaint that the Court permitted. Now it seeks leave to amend for a second time. Pl.'s Second Mot. Amend. In granting Academy leave to file a sur-reply in response to BestBus's previous motion, the Court observed that opposing

amendment of the complaint was Academy's second chance at "argu[ing] for dismissal of the case on more or less the same grounds, and that [Academy] w[ould] get a third opportunity when the Amended Complaint is filed."  Mot. Amend. Op. at *5 n.5.  By filing a second Motion for Leave to Amend directly on the heels of the Court's resolution of its previous motion, BestBus has dragged out this preliminary round of the litigation still further.  The Court is being asked to evaluate for a third time whether BestBus has stated certain claims, and there is still every reason to think that Academy will move to dismiss once an amended complaint is actually filed.  For now, BestBus seeks to add facts establishing diversity jurisdiction, *see* Second Am. Compl. ¶¶ 8–11, and facts supporting a claim that Academy violated the TSA by supplying BestBus with buses that had numerous quality deficiencies, *see id.* ¶ 34, and that were of a lower quality than buses Academy supplied to Vamoose, *see id.* ¶ 59.

## A. Diversity Jurisdiction

The Court's March 31, 2020, memorandum opinion concluded that BestBus's First Amended Complaint lacked sufficient factual details to establish diversity jurisdiction.  Mot. Amend. Op. at *6–7.  Accordingly, the Court granted "leave for BestBus to add the necessary jurisdictional facts [and *only* those jurisdictional facts] before filing an amended complaint."  *Id.* at 13–14.  BestBus now seeks to cure this deficiency by adding facts about both parties' principal places of business as well as the citizenship of Academy's members in BestBus's Second Amended Complaint.  Second Am. Compl. ¶¶ 8–11.  Academy does not oppose the addition of these facts, *see* Def.'s Op. at 2, which the Court's prior order expressly contemplated would be added.  The Court grants BestBus leave to add these jurisdictional facts.

B. Bus Quality

BestBus's First Amended Complaint alleged that "[b]y providing superior buses to Vamoose, a direct competitor of BestBus in the D.C.-New York market for express bus service, and by supplying BestBus with older buses that suffered breakdowns, and were otherwise defective, Academy violated Paragraphs 1, 2, and 3 of the TSA." Am. Compl. ¶ 62. The Court held that BestBus had a plausible claim that Academy violated the TSA by providing buses to Vamoose, but that BestBus did not have a plausible claim that the TSA was independently violated by Academy's alleged provision of *superior* buses to Vamoose. *See* Mot. Amend. Op. at *13–14. The Court concluded that the TSA made no reference to bus quality anywhere other than Paragraphs 7 and 11, and that these did nothing more than incorporate applicable federal regulations that merely set "a floor for quality and compliance." *Id.* at *13. Thus, "nothing in the regulations [or the TSA] plausibly require" Academy to supply BestBus with buses of the same *relative* quality or age as those supplied to Vamoose. *Id.* The TSA only required Academy to supply buses that met the *absolute* quality threshold outlined in the regulations. *Id.* at *13–14.

BestBus's Second Amended Complaint still alleges that "[b]y providing buses to Vamoose . . . and by not supplying BestBus with top-of-the-line buses, but rather with older buses that suffered breakdowns and were otherwise defective, Academy violated Paragraphs 1, 2, and 3 of the TSA." Second Am. Compl. ¶ 59. BestBus argues that the Court's March 2020 opinion found only that the regulations do not require Academy to supply BestBus with buses of any relative quality level, but that the Court failed to consider "whether any other provisions of the TSA could be read to include such a requirement." Pl.'s Reply at 2. This misreads the Court's opinion. The Court evaluated the TSA and concluded that the TSA said nothing about bus quality beyond its incorporation of the regulations. Mot. Amend. Op. at *13. Thus, in

concluding that nothing in the regulations plausibly requires buses of any relative quality level, the Court was also stating that nothing in the TSA did so either.

Paragraph 59 of BestBus's Second Amended Complaint continues to assert a claim for relative bus quality by stating that it received "older" buses that are not "top-of-the-line." Second Am. Compl. ¶ 59. Neither the TSA nor the regulations plausibly requires Academy to provide BestBus with buses that are of the same age or quality as those provided to Vamoose. *See* Mot. Amend Op. at *13. Again, to be clear, BestBus has a viable claim that Academy was obligated not to provide *any* buses to Vamoose, but it has no independent claim that Academy was obligated not to provide *better* buses to Vamoose. *Id.* at *13–14. Therefore, to the extent that BestBus seeks to add facts establishing a deficiency in *relative* bus quality, the proposed amendment is futile. When it comes to bus quality, BestBus only has a claim about *absolute* bus quality based on quality deficiencies that fail to meet the quality standard required under the regulations. *Id.* at *13–14.

### IV. CONCLUSION

For the foregoing reasons, BestBus's Motion for Leave to File a Second Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: September 2, 2020                                       RUDOLPH CONTRERAS
                                                              United States District Judge